IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BERNARD JAMES, #277 487, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:13-CV-918-TMH [WO] |
| STATE OF ALABAMA, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate proceeding *pro se*, files this 42 U.S.C. § 1983 action against the State of Alabama and the Honorable Albert Johnson complaining that he has been denied access to the courts. He seeks an order directing Defendants to allow his Rule 32 petition to be heard on the merits as he is indigent and unable to pay the full filing fee but indicates he could make monthly payments in satisfaction thereof. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

*A. Judge Johnson*

   *i. Damages*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff's claims about actions taken by Judge Johnson in his judicial capacity during state court proceedings over which he had jurisdiction are due to be dismissed. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, any claim for monetary damages Plaintiff might seek against this defendant are "based on an indisputably meritless legal theory" and are, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*ii. Non-Final Orders*

To the extent Plaintiff seeks relief from adverse decisions or actions of a state court which are not yet final, he is entitled to no relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal any non-final order issued or action taken by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Thus, any claim challenging a non-final order issued or action taken

by Judge Johnson subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### iii. Final Orders

To the extent Plaintiff seeks injunctive and/or declaratory relief from orders issued by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is

inappropriate either to compel or to appeal a particular course of action by a state court.[2] *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for relief from final orders issued or actions undertaken by Judge Johnson during matters related to Plaintiff's state court post-conviction proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[3] *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

B.  *State of Alabama*

Plaintiff names the State of Alabama as a defendant. The State of Alabama is immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Thus, Plaintiff's claims against the State of Alabama are "based on an

---

[2] If Plaintiff seeks to challenge rulings made by the Circuit Court for Russell County, he may file an appropriate motion with the trial court and/or with the appropriate appellate court.

[3] The court also notes that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, but the federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

indisputably meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

It is further

ORDERED that **on or before January 21, 2014,** Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of January, 2014.

                                            /s/Charles S. Coody
                                            CHARLES S. COODY
                                            UNITED STATES MAGISTRATE JUDGE